IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KENNETH R. JONES, JR., §<br>    #02353848, §<br>        PLAINTIFF, §<br> §<br>V. §    CIVIL CASE NO. 3:22-CV-491-K-BK<br> §<br>CORRECTIONAL OFFICER DAVIS, §<br>        DEFENDANT. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* case was referred to the United States magistrate judge for management, including the issuance of findings and a recommended disposition where appropriate. The Court granted Plaintiff Kenneth R. Jones' motion to proceed *in forma pauperis*, pending judicial screening. Doc. 11. Upon review of the relevant pleadings and applicable law, this action should be summarily **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim.

**I. BACKGROUND**

On March 1, 2022, Jones, a state prisoner, initiated this action by filing a *prisoner civil rights* complaint against Davis, a correctional officer at the Hutchins State Jail, where he is confined. Jones alleges that on January 6, 2022, Davis "groped [his] foot in a sexual way" while he was sleeping in his bunk, making him feel uncomfortable. Doc. 3 at 4; Doc. 3 at 8. He requests that Davis be arrested and charged for sexual assault. Doc. 3 at 5.

As detailed below, Jones fails to present a cognizable claim or anything that can be construed as such. Therefore, this action should be dismissed as frivolous and for failure to state a claim.

## II. ANALYSIS

Because Jones is proceeding *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b). These statutes provide for the *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint lacks an arguable basis in law when it is premised "on an indisputably meritless legal theory," *Id.* at 327, and fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

The Court must always liberally construe pleadings filed by *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"); *cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). Even under the most liberal construction, however, Jones' complaint is frivolous and fails to state a claim.

To the extent Jones alleges criminal law violations in this Court, his request lacks any legal basis. Criminal statutes do not create a private right of action. For a private right of action to exist under a criminal statute, there must be "a statutory basis for inferring that a civil cause of action of some sort lay in favor of someone." *Cort v. Ash*, 422 U.S. 66, 79 (1975), *overruled in*

*part by* Touche Ross & Co. v. Redington, 442 U.S. 560 (1979); *see* Suter v. Artist M., 503 U.S. 347, 363 (1992) (concluding that the party seeking to imply a private right of action bears the burden to show that Congress intended to create one). Here, Jones has pled nothing that would even come close to meeting that burden. *See also* Williams v. Cintas Corp., No. 3:07-CV-0561-M, 2007 WL 1295802, *2 (N. D. Tex. Apr. 10, 2007) (collecting cases finding no private cause of action for perjury in federal court and no private right of action for civil perjury under Texas law), *R. & R. accepted*, 2007 WL 1300780, at *1 (N. D. Tex. May 02, 2007). Moreover, "decisions whether to prosecute or file criminal charges are generally within the prosecutor's discretion, and, as a private citizen, [the plaintiff] has no standing to institute a federal criminal prosecution and no power to enforce a criminal statute." *Gill v. Texas*, 153 F. App'x 261, 262-63 (5th Cir. 2005).

Additionally, although Jones filed his complaint on the prisoner civil rights form, he does not appear to sue the officer for civil rights violations. As mentioned *supra*, he requests only that Davis be arrested and charged for sexual assault. Doc. 3 at 5. However, even if Jones' intent is to claim a civil rights violation, he alleges nothing that even comes close to an Eighth Amendment violation resulting from the alleged sexual assault.

While sexual assault or abuse can certainly be sufficiently serious to constitute an Eighth Amendment violation, not every allegation of inappropriate touching by a prisoner meets this standard. An alleged sexual assault is only actionable "under § 1983 when (1) the assault is objectively, sufficiently serious and (2) the involved prison official acted with a sufficiently culpable state of mind." *Tilley v. Gonzalez*, 2010 WL 1541494, at *4 (N.D.Tex. Mar. 10, 2010) (Ramirez, J.), report and recommendation adopted, 2010 WL 1542181 (N.D.Tex., Apr. 15, 2010) (Lindsay, J.) (citing *Boddie v. Schnieder*, 105 F.3d 857, 861 (2d Cir.1997) (holding that isolated

episodes of verbal sexual harassment and fondling of inmate's genitals by prison guard, though despicable, did not establish Eighth Amendment violation).  Here, Jones alleges only a single incident of Davis touching his foot in a manner Jones deemed sexually inappropriate.  This is wholly insufficient to state a civil rights violation.

### III. LEAVE TO AMEND

Generally "a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009).  However, the Court is not required to grant leave to amend "if the plaintiff has already pleaded his 'best case.'" *Id.*  Jones' apparent claims are fatally infirm.  Even based on the most deferential review of his complaint, for the legal reasons stated *supra*, it is highly improbable that Jones could allege cogent and viable legal claims if granted the opportunity.  Under these circumstances, granting leave to amend would be futile and cause needless delay.

### IV. CONCLUSION

For the foregoing reasons, this action should be summarily **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim.

**SO RECOMMENDED** on August 2, 2022.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).